Viewing this as a question between the plaintiff and the defendant, as an individual and not as sheriff, I think the law is on the side of the plaintiff; and I think it was correctly stated by the judge to the jury, in his charge, when he stated "that if they should believe from the evidence that the plaintiff, then a prisoner, by Arrington acting for him and on his behalf, offered to give security for the bounds and to have a bond written and executed, and had at the time the ability of giving sufficient security, and that Ricks, the officer, then declared that he would not admit the plaintiff to the privilege of the bounds and would not take any bond, this was, on the part of the officer, a waiver of any further act to be done by the plaintiff, and rendered it unnecessary for the plaintiff to have a bond written and executed in order to maintain his action," and I think Jones v. Barclay, Doug., 684, an authority in point.
I think the first part of the judge's charge more questionable, when he says it was the duty of the plaintiff to furnish a bond to be executed for the prison bounds. It is certainly correct when applied to dealings between private citizens; but custom and the fitness of things require that public officers, who are paid for their services, should furnish blanks to be executed by individuals who have business to transact with them in that character. Much and serious injury and inconvenience would be the consequence of a different practice. Few men are acquainted with the forms necessary to be observed in drawing bonds which it is their duty to execute. The general and, I had thought, the universal practice was, that clerks, sheriffs and others furnished the necessary papers appertaining to their official duties. (430) From this consideration, as well as from the ground first taken, as to the charge of the judge, I think the rule for a new trial should be discharged.